UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROBERT THOMAS HARRISON,  )  <br> Plaintiff,  ) <br>   ) <br> vs.  ) <br>   ) <br> Carolyn W. Colvin[1], Acting  ) <br> Commissioner of Social Security,  ) <br> Defendant.  ) | 3:12-cv-87-RLY-WGH |

**ENTRY ON PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Robert Thomas Harrison seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), which found him not disabled and therefore not entitled to disability insurance benefits under the Social Security Act ("the Act"), 42 U.S.C. § 301 *et seq*. The matter was referred to Magistrate Judge William G. Hussmann, Jr., pursuant to 28 U.S.C. § 636, who recommended that the Commissioner's final decision be affirmed. Harrison now objects to the Magistrate Judge's Report & Recommendation. For the reasons set forth below, the court **OVERRULES** the Objections and **ADOPTS** the Report & Recommendation as the Order of the court.

**I.   Background**

Harrison applied for disability benefits on January 5, 2009, alleging he became disabled on March 25, 2008. His application was denied initially and upon reconsideration. (R. at

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant.

1

19, 60-68, 71-77). On January 25, 2011, an Administrative Law Judge held a hearing, during which Harrison and a vocational expert testified. On March 25, 2011, the ALJ issued his opinion finding Harrison not disabled under sections 216(i) and 223(d) of the Act. (R. at 30). The Appeals Council denied Harrison's request for review on March 20, 2012, making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.955(a), 404.981.

The ALJ's decision included the following findings: (1) Harrison met the Act's insured status requirement through December 31, 2013 (R. at 21); (2) Harrison had not engaged in substantial gainful activity since the alleged disability onset date (R. at 21); (3) Harrison had the following severe impairments: osteoarthritis of both knees, history of acute gastrointestinal bleed, history of diverticulitis, post-traumatic stress disorder ("PTSD"), and depressive disorder (R. at 21); (4) none of these impairments or combination of impairments met or medically equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 21-23); (5) Harrison had a residual functional capacity ("RFC") to perform a limited range of unskilled medium work with the following limitations: he could lift 50 pounds occasionally and 25 pounds frequently; he could stand and/or walk for six hours in an eight-hour workday and could also sit for six hours; he was limited to simple tasks in an environment that was not fast-paced or quota driven; and he was precluded from working around the general public (R. at 23-28); (6) Plaintiff was unable to perform any past relevant work as defined by 20 C.F.R. § 404.1565 (R. at 28); (7) Harrison was 52 years old on the alleged onset date, has at least a high school education, and could communicate in English (R. at 28); (8) because the

Medical-Vocational Rules framework supports a finding that the claimant is "not disabled," the transferability of job skills is not material to the determination of disability (R. at 28); (9) considering Harrison's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that he can perform (R. at 28-29); and (10) Harrison has not been under a disability (R. at 29).

On May 18, 2012, Harrison filed a complaint in this court for review of the Commissioner's decision pursuant to Section 205(g) of the Act, as amended, 42 U.S.C. § 405(g). Specifically, Harrison claimed that the ALJ erred by: (1) assigning little weight to the opinion of Rebecca Alexander, a licensed social worker and Harrison's treating therapist; (2) relying principally on opinions from Drs. Kenneth Neville and J. Gange, Disability Determination Bureau ("DDB") reviewing psychologists; (3) giving great weight to a Global Assessment of Functioning ("GAF") score of 51 given by Dr. Jessica Huett, DDB examining psychologist; (4) giving greater weight to Dr. Huett's opinion than Harrison's treating source, Alexander.; and (5) finding Harrison's statements as to the intensity, persistence and limiting effects of his symptoms were not credible. This court designated the Magistrate Judge to conduct and issue a Report & Recommendation regarding the appropriate disposition of the matter, pursuant to 28 U.S.C. § 636. (Docket # 18).

On September 5, 2013, the Magistrate Judge submitted a Report & Recommendation in this case, recommending that the Commissioner's decision be affirmed. (Docket # 19). Specifically, the Magistrate Judge concluded that: (1) inconsistencies between Alexander's opinion of Harrison's marked limitations with

3

objective medical data were valid reasons for giving Alexander's opinion little weight; (2) the respective reports of Drs. Neville and Gange provided substantial evidence upon which the ALJ could base his decision; (3) any error in giving greater weight to Dr. Huett's GAF score or testimony is harmless; (4) use of boilerplate language in credibility determination was not sufficient to require remand; and (5) ALJ's assessment of Harrison's credibility was not "patently wrong."

Harrison presents the same principle objections as those set forth in the brief in support of his Complaint. The Commissioner notified the court that it will not file a response. The court now turns to the objections.

## II.     Standards of Review

### A.  ALJ's Decision

When the Appeals Council denies review as it did in Harrison's case, the ALJ's decision constitutes the final decision of the Commissioner. 20 C.R.F. §§ 404.955(a), 404.981. At issue here are the ALJ's factual determinations, which the court reviews at a highly deferential standard of review. Indeed, the standard of review for an ALJ's decision is whether the findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ is not required to address every piece of evidence or testimony presented, but he must furnish a "logical bridge" between the evidence and his conclusion. *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008). To that end, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the

4

issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). On the other hand, an ALJ's legal conclusions are reviewed *de novo*. *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The court critically reviews the evidence as a whole, but it may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *Mobley v. Colvin*, No. 4:12-cv-105, 2013 WL 4479073, at *2 (S.D. Ind. Aug. 19, 2013) (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)). This is because "it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility." *Id.* (citing *Richardson*, 402 U.S. at 399-400). Thus, even if reasonable minds could disagree about whether a claimant was "disabled," the court must still affirm the ALJ's decision if it has adequate support. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

### B. Magistrate Judge's Report & Recommendation

When reviewing a magistrate judge's Report & Recommendation, the court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. FED. R. CIV. P. 72(b). Additionally, the court has the discretion to receive further evidence or return the matter to the magistrate judge with instructions. *Id*. The district judge must review *de novo* the portions of the report to which specific written objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Accordingly, the court will review Harrison's objections under the standard of review for an ALJ's decision.

### III. Discussion

Harrison objects to the findings of the Magistrate Judge that: (1) the ALJ properly weighed the medical evidence and (2) the ALJ properly evaluated Plaintiff's credibility.

#### A. Medical Evidence

##### 1. Opinions of Alexander

Harrison asserts that the ALJ erred in assigning little weight to Alexander's opinion. Specifically, he contends: (1) the ALJ failed to weigh the medical opinions under the factors set forth in 20 C.F.R. § 404.1527[2]; (2) the factors under 20 C.F.R. § 404.1527 favor crediting Alexander's opinion; and (3) Alexander's opinions do not conflict with her own mental health treatment records.

First, even assuming that the ALJ had a legal requirement to evaluate Alexander's opinions using the factors listed in 20 C.F.R. 404.1527, Harrison has not referenced any regulations or case law which requires the ALJ to discuss all of these factors in weighing each medical opinion. Rather, the ALJ must be sufficiently specific to make clear for subsequent reviewers the weight given to the medical opinion and why. SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1996). Moreover, "[n]ot every factor for weighing opinion evidence will apply in every case." SSR 06-03P, 2006 WL 2329939, at *5 (Aug. 9, 2006).

Here, even though the ALJ did not explicitly discuss all of the factors under 20 C.F.R. 404.1527, it is apparent that they were considered in assessing the weight of

---

[2] At the time the ALJ issued his decision, the treating physician rule was codified at 20 C.F.R. § 404.1527(d). Subsequently, the regulation was modified, and the rule was recodified unchanged at 20 C.F.R. § 404.1527(c).

Alexander's opinion. For example, the ALJ explained that Alexander's health treatment records "did not show the claimant to be as severely limited as these assessments indicated, and certainly not at an adaptive level functioning of 50." (R. at 28). This goes towards the factor of consistency – a valid reason for giving Alexander's opinion little weight. 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

The ALJ then provided support for his conclusion that Alexander's opinions were inconsistent with her records. The ALJ noted that though Alexander diagnosed Harrison with PTSD, Alexander never prescribed Harrison any anti-anxiety medications.[3] Also, the ALJ observed that Alexander's assessments showing marked limitations were only tendered upon the request of Harrison's representative. This suggests that the ALJ considered why these inconsistencies may exist and offers an additional reason to give Alexander's opinion lesser weight. *See Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001) (noting the potential for bias by a treating physician, stating "The patient's regular physician may want to do a favor for a friend and client, and so the treating physician may too quickly find disability."). The ALJ considered the factors from 20 C.F.R. § 404.1527 and provided sufficiently specific reasons why Alexander's opinion should be given little weight. This is sufficient to survive review.

---

[3] Harrison now argues that he was prescribed Paxil, which treats anxiety in addition to depression and PTSD. The record before the ALJ, however, did not reflect that Harrison took Paxil for anxiety, and the ALJ had no obligation to discover this. *See* 20 C.F.R. § 404.1512 ("In general, you have to prove to us that you are blind or disabled . . . This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) . . . .").

7

Because the court finds the ALJ properly evaluated Alexander's opinion using the factors under 20 C.F.R. §404.1527 and sufficiently explained the reasons for his conclusion, Harrison's other arguments are moot. In the end, Harrison may not agree with the ALJ's conclusion, but the ALJ provided sufficient reasons and support to find that Alexander's opinion should be given little weight. Even if reasonable minds may disagree as to whether Alexander's opinion should be given more weight, the court does not have the authority to reweigh the evidence as presented below. *See Farrell v. Sullivan*, 878 F.2d 985, 990 (7th Cir. 1989). Thus, the ALJ's ruling should not be disturbed.

### 2. Opinions of Drs. Neville and Gange

Harrison contends that the ALJ erred in relying on the opinions of two non-examining state agency medical consultants – Drs. Neville and Gange – as substantial evidence to reject Alexander's opinion. Particularly, Harrison states that a "non-examining physician [opinion] does not, *by itself*, suffice [as substantial evidence to reject an examining physician's opinion.]" *See Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) (emphasis added).

As an initial matter, the ALJ is entitled to rely on non-examining physicians. *See* 20 C.F.R. § 404.1527(e)(2)(i) (stating an ALJ must consider the opinions of State agency medical and psychological consultants, as they are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation"); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004) (finding the ALJ was entitled to rely on non-examining physicians). And though the Seventh Circuit

8

cautions against relying *solely* on these opinions, the ALJ listed several additional reasons for rejecting Alexander's opinion. The ALJ therefore did not solely rely on the non-examining physician opinions to reject Alexander's opinion. Moreover, contrary to Alexander, Drs. Neville and Gange are "acceptable medical sources"; thus, it is proper to give their opinion greater weight than from a medical source who is not an "acceptable medical source." *See* SSR 06-03p, 2006 WL 2329939, at *2, 5 (Aug. 9, 2006) (stating licensed physicians are "acceptable medical sources" but therapists are not). Accordingly, Drs. Neville and Gange's reports provided substantial evidence upon which the ALJ could base his decision.

### 3. Opinions of Dr. Huett

Harrison objects to the ALJ placing "significant weight" in the single GAF score of 51 from Dr. Huett.[4] *See* 65 FR 50746-01 (stating the GAF scale "does not have a direct correlation to the severity requirements in our mental disorders listing"). It is neither clear nor has Harrison explained how the ALJ placed "significant" weight on this score. Indeed, the ALJ also noted multiple times that Alexander assigned Harrison a GAF rating of 50.[5] (R. 25, 28). The court finds that the ALJ did not place significant weight on the GAF score from Dr. Huett, but instead properly considered it in his thorough review of the medical evidence. Assuming there was any error in giving greater

---

[4] A GAF score of 51-60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS ("DSM-IV") 32-34.

[5] A GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social occupational, or school functioning (e.g., no friends, unable to keep a job)." AM. PSYCHIATRIC ASS'N, DSM-IV 32-34.

weight to Dr. Huett's GAF score over Alexander's GAF score, such error would be harmless as the ALJ also relied on the opinions of Drs. Neville and Gange. Accordingly, Harrison's objection to Dr. Huett's GAF score is overruled.

### B. Harrison's Credibility

Here, the ALJ determined that Harrison's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (R. 27). In reviewing the ALJ's credibility determinations, the court must keep in mind that such decisions are "entitled to special deference, since the ALJ is in a unique position to assess a claimant's veracity and forthrightness." *Mobley*, 2013 WL 4479073, at *4. Indeed, it is the ALJ's role – not the court's – to resolve any conflicting evidence and arguments. *Id*. (citing *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002)). Thus, an ALJ's credibility determination will be overturned only if the claimant can show it was patently wrong. *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003); *see also Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) ("Only if the trier of fact grounds his credibility finding in an observation or argument that is unreasonable or unsupported . . . can the finding be reversed."). An ALJ must articulate specific reasons in a credibility finding, but an ALJ is not required to provide a "complete written evaluation of every piece of testimony and evidence." *Rice*, 384 F.3d at 370. So long as the ALJ creates a "logical bridge" between the evidence and conclusion, and the finding is not "patently wrong," then the finding should not be overturned. *Boese v. Colvin*, No. 4:12-cv-77, 2013 WL 1874574, at *5 (S.D. Ind. May 3, 2013).

Harrison contends that ALJ's credibility findings are unsupported and patently wrong because, namely, (1) Harrison's failure to report his psychiatric problems to his primary care physician is meaningless; (2) psychiatric hospitalization is not required to be found mentally disabled; (3) Harrison had been prescribed Paxil for anxiety despite the ALJ stating he had not been prescribed any medications for anxiety; (4) Harrison's daily activities on a regular basis do not equate with the capacity to do full-time sustained work; and (5) the ALJ improperly relied on lay observations of Harrison at the hearing.

First, as to the ALJ noting that Harrison failed to alert his primary care physician of psychiatric issues, it is reasonable to take into account any and all treatment Harrison may have received. Although Harrison argues he did not need to discuss these issues with his primary care physician because he had been seeing a specialist, it is reasonable to infer that if his psychiatric issues were truly debilitating, then this issue would have been discussed at some point with his primary care physician.

Likewise, it was not error for the ALJ to consider that Harrison had never received inpatient treatment or crisis management for psychiatric issues. To be sure, as Harrison points out, no evidence has been set forth showing hospitalization is required to show mental disability. But the court does not find it unreasonable that the ALJ included this fact in his credibility determination as he is required to consider to what extent a claimant had received treatment outside of taking medication. *See* 20 C.F.R. § 404.1529(c)(3)(v). As to medications Harrison did take, the ALJ did not err in finding that Harrison did not take any medications for anxiety. Although the record reflected Harrison used Paxil for depression or PTSD, Harrison did not produce any evidence that he took Paxil for

11

anxiety. (R. at 328, 330). Thus, the ALJ did not error by refusing to go outside the record to consider Harrison using Paxil to treat anxiety.

Next, as to Harrison's daily activities, the ALJ did not error by failing to mention that Harrison's home renovations were not going well, as an ALJ is not required to discuss every piece of evidence and testimony. *Rice*, 384 F.3d at 370; *Jens*, 347 F.3d at 213 ("Pointing out these omissions . . . does not demonstrate that the ALJ's credibility finding is not supported by substantial evidence."). Moreover, the ALJ thoroughly discussed how Harrison's other daily activities were further evidence that his degree of functioning was "not consistent with a disabled individual who cannot maintain concentration, persistence and pace to thrive at competitive work, nor is it consistent with a GAF rating of 50 . . . ." (R. at 27). Even if these activities alone cannot be equated with the capacity to perform full-time work, it was not unreasonable for the ALJ to consider these activities as just one factor in his analysis, as he did here. *See Simila v. Astrue*, 573 F.3d 503, 518 (7th Cir. 2009) (finding evidence that claimant helped build a log home, replaced a gas tank, attended travelling hockey tournaments, hunted, and fished during the time of alleged disability discredited his testimony).

Lastly, the court does not find the ALJ was patently wrong to observe Harrison on the stand and use that information in his ruling. To be sure, the ALJ should not substitute his own judgment for that of a doctor. *See Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009) (holding the ALJ impermissibly "played doctor" where he reached his own medical conclusion as to the significance of the claimant not taking insulin). But the court finds it incompatible to give special deference to the ALJ because he is in a "special

position where he can hear, see, and assess witnesses," and then later state it is error to utilize those same observations in his decision. Thus, the ALJ properly considered Plaintiff's behavior at the hearing.

In sum, the court finds Harrison's arguments unpersuasive and concludes that the ALJ's credibility determination was properly considered and sufficiently supported. The ALJ analyzed all the required factors in making his determination and concluded that Harrison emphasized his symptoms and limitations and minimized his abilities. (R. at 27, 278, 294). Because the ALJ created a "logical bridge" between the evidence and his conclusion, the court affirms that determination.

## IV. Conclusion

For the reasons set forth above, Harrison's Objections to the Report & Recommendation (Docket # 20) is **OVERRULED**. Further, the court **ADOPTS** the Report & Recommendation of the Magistrate Judge (Docket # 19) that the Commissioner's decision be **AFFIRMED**.

**SO ORDERED** this 30th day of September 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.